IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| ROBERT S. PIERCE,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN; ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>Defendants. | CV 19–58–BU-BMM<br><br><br>ORDER |

Petitioner Robert S. Pierce ("Pierce"), a state prisoner proceeding without counsel, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Pierce subsequently filed an amended petition, along with supplements to the amended petition. *See*, (Docs. 5, 7, 8, 16, 18, and 21.) On December 15, 2023, this Court entered an order denying and dismissing Pierce's petition. (Doc. 52.) Pierce timely appealed. (Doc. 54.)

Following the filing of the Notice of Appeal, Pierce motioned the Court for an order that voluminous documents, filed as exhibits to his petition, be designated as part of the appellate record. (Doc. 55.) These physical documents had been maintained in the pro se department, but not filed into the electronic record. Given the number of exhibits, there were too many pages to be filed in the Montana State

1

Prison's electronic filing program. On January 3, 2024, Pierce's motion was granted. (Doc. 56.) The documents were subsequently scanned into the electronic record and, thus, available to the Ninth Circuit to review in conjunction with Pierce's appeal. *See e.g*., (Doc. 5) (1/8/24 text note indicating that previously unscanned voluminous appendices were scanned into the record).

On July 1, 2024, the Ninth Circuit denied Pierce's request for a certificate of appealability. (Doc. 57.) On December 9, 2024, the United States Supreme Court denied Pierce's petition for a writ of certiorari. (Doc. 59.)

Pierce now seeks reconsideration of the denial of his petition. (Doc. 60.) It appears Pierce asserts that fraud has occurred because the Court "willfully concealed" Pierce's voluminous exhibits and did not use or consult these materials when denying him relief. (*Id*. at 1, 4–6.) Pierce suggests that this Court concealed the records from the Ninth Circuit, thereby changing the effect of the "facts actually stated," thus, constituting fraud and misrepresentation. (*Id*. at 6–7.) Accordingly, Pierce argues his judgment is void and "has no legal effect whatsoever." (*Id*. at 7.)

Rule 60(b) allows the Court to relieve a party from an order in several narrow circumstance, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud,

2

misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). As an initial observation, the "fraud" that Pierce suggests occurred was not fraud committed by an opposing party, for purposes of subsection (3), but rather fraud committed by the Court.

Reconsideration represents "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 (9th Cir. 2000) (quotation omitted). A motion for reconsideration should not be granted "unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999). "Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F. 3d 1041, 1046 (9th Cir. 2003).

As Pierce has previously been advised, the Court, in fact, did review all the filings submitted with his petition, amended petition, and supplements. Pierce suggests that because only records filed by Respondents from the Montana state

court record were cited in the Court's dismissal order, those were the only items considered and the purported failure to consider Pierce's filings amounts to "fraud." (Doc. 60 at 7, 9.) The Court instructed the State of Montana to file certain documents from the record in order to complete the prescreening process pursuant to Rule 4, Rules Governing § 2254 Cases. (Doc. 23.) As noted, although Pierce had supplied various state court documents as exhibits and/or supplements to his petition, "many of the documents contain[ed] incomplete excerpts or selected pages from various prior court proceedings, reports, or interviews." (*Id.* at 2.) The Court required complete copies of the state court documents to complete its review.

     Pierce also reasserts an argument raised in the Montana state courts in which he alleges the Montana state district court failed to consider all the exhibits attached to his petition for postconviction relief, which affected the appeal therefrom in the Montana Supreme Court, and ultimately the Court's consideration of his claims. (Doc. 60 at 2–4, 6–7.) Though the Court was constrained by the applicable standards of review, the basis for the denial of Pierce's petition, whether based on procedural bars or Pierce's failure to make an adequate showing under § 2254(d), was explained in detail in the dismissal order. *See generally*, (Doc. 52.) Pierce's motion is not based upon newly discovered evidence, there has been no change in controlling law, and Pierce has not demonstrated this Court committed

clear error.  Pierce is not entitled to relief under Rule 60(b).

To the extent that Pierce may be attempting to put forth a motion under Rule 60(d)(3), the motion also fails.  A court may set aside a judgment on "fraud on the court."  "Fraud on the court" is "fraud which does or attempts to defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner."  *Alexander v. Robertson*, 882 F. 2d 421, 424 (9th Cir. 1989).  A party seeking to invoke Rule 60(d)(3) must demonstrate an unconscionable plan or scheme which is designed to improperly influence the court in its decision.  *Pumphrey v. K.W. Thompson Tool Co.*, 62 F. 3d 1128, 1131 (9th Cir. 1995).  Courts should narrowly read "fraud on the court" to preserve final judgments.  *Latshaw v. Rainer Wortham & Co., Inc.*, 452 F. 3d 1097, 1104 (9th Cir. 2006).  Pierce has failed to demonstrate that the judicial machinery is not functioning as it should or that any party has attempted to improperly influence the Court's decision-making process.  Pierce fails to make the requisite showing. No basis exists to disturb the final judgment that has been entered and affirmed on appeal.

Pierce's disagreement with the Court's dismissal of his petition is not a valid basis for reconsideration.  Rule 60 does not provide a vehicle permitting unsuccessful claims to be considered anew. Pierce has not demonstrated that he is entitled to reconsideration, and he has set forth no facts or law of a strongly

convincing nature to compel reversal. *See Decker Coal Co. V. Hartman*, 706 F. Supp. 745, 750 (D. Mont. 1988). Moreover, Pierce's suggestion of fraud is without merit. The voluminous exhibits were reviewed along with Pierce's petition. The same exhibits were part of the electronic record on appeal. Thus, there was no "willful concealment." The motion will be denied because Pierce renews arguments already made and/or has failed to provide one of the permissible grounds to support his reconsideration request. *Maraziti v. Thorpe*, 52 F. 3d 252, 255 (9th Cir. 1995).

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief, *United States v.*

*Winkles*, 795 F. 3d 1134, 1139 (9th Cir. 2015), as well as a Rule 60(d) motion for relief. *Payton v. Davis*, 906 F. 3d 812, 820 (9th Cir. 2018).

A certificate of appealability is denied. Pierce has been afforded adequate opportunity to mount constitutional challenges to his state convictions. Reasonable jurists viewing the argument submitted in support of Pierce's motions, analyzed under either Rule 60(b) or 60(d), would not disagree whether a certificate of appealability should issue to challenge this Court's exercise of discretion in denying the motion. There are no close questions and there is no basis to encourage further proceedings at this time

Accordingly, IT IS ORDERED:

1. Pierce's motion to vacate (Doc. 60) is DENIED.

2. A certificate of appealability is DENIED.

3. Within **30 days** of this Order, Pierce may contact the Missoula Clerk of Court to make arrangements to retrieve his box of voluminous documents.

Someone may pick the documents up on Pierce's behalf, or he must pay to have them mailed back to him. If Pierce does not make these arrangements within 30 days, the documents will be destroyed.

DATED this 14th day of January, 2025.

_____

Brian Morris, Chief District Judge
United States District Court